# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
LAW OFFICE OF WILLIAM PAGER, WILLIAM PAGER

                        Plaintiff,

       -against-

STATE FARM INSURANCE COMPANY,

                        Defendant.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

## SUMMONS

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
CPLR 503(a)

**To the above named Defendant:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       · Brooklyn, New York
                August 24, 2023

                                                  Law Office of William Pager
                                                  Attorneys for Plaintiff
                                                  LAW OFFICE OF WILLIAM PAGER
                                                  203-205 Kings Highway
                                                  Brooklyn, New York 11223
                                                  (718) 998-1010

TO:    State Farm Insurance Company
         One State Farm Plaza
         Bloomington, IL 61710

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
THE LAW OFFICE OF WILLIAM PAGER, WILLIAM PAGER,

                              Plaintiff,

        -against-

STATE FARM INSURANCE COMPANY,

                            Defendant.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, Law Office of William Pager, complaining of the Defendant, respectfully alleges, upon information and belief:

1. That at all times mentioned herein, Plaintiff, WILLIAM PAGER is an attorney duly admitted to practice law in the State of New York and pursuant to the laws of the State of New York with a business address in the County of Kings, State of New York.

2. That at all times mentioned herein, Plaintiff, WILLIAM PAGER practices and has been practicing law under the name of LAW OFFICE OF WILLIAM PAGER with a business address in the County of Kings, State of New York.

3. On information and belief, Defendant STATE FARM INSURANCE COMPANY (hereinafter "Defendant") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Illinois.

4. Defendant is an insurance company licensed to do business within the State of New York.

5. Defendant is a foreign corporation transacting business within the State of New York.

2

6. Defendant is a foreign corporation authorized to write policies of insurance within the State of New York

7. That on May 1, 2023, Plaintiffs were retained by (non-party) Edwin Morales to represent him in a personal injury action and a claim following a motor vehicle accident that occurred on March 21, 2023 where Mr. Morales sustained serious personal injuries.

8. That at the time of the motor vehicle accident on May 1, 2023, Edwin Morales' had insurance coverage with Defendant STATE FARM INSURANC COMPANY.

9. That at the time of the accident, Defendant provided Edwin Morales with Uninsured/Underinsured Motorist benefits under the insurance contact that was in effect at the time.

10. That as Mr. Morales' attorneys, the LAW OFFICE OF WILLIAM PAGER contacted Defendant STATE FARM INSURANCE COMPANY, informed Defendant that the LAW OFFICE OF WILLAIM PAGER was retained by Mr. Morales to represent him in this accident.

11. The LAW OFFICE OF WILLIAM PAGER informed Defendant they were asserting claims for No Fault motorist benefits and for Uninsured /Underinsured motorist benefits.

12. The LAW OFFICE OF WILLIAM PAGER also sent Defendant completed claim forms for No Fault benefits and for Uninsured/Underinsured Motorist benefits.

13. That at all times Defendant STATE FARM INSURANCE COMPANY at all times knew, understood and acknowledged the LAW OFFICE OF WILLIAM PAGER to be the attorneys and legal representatives of Edwin Morales.

14. That at all times Defendant STATE FARM INSURANCE COMPANY had been served with, made aware of, and became on notice of the fact that THE LAW OFFICES OF WILLIAM

3

PAGER, and WILLIAM PAGER, possessed a lien upon any compensation paid by STATE FARM INSURANCE COMPANY to Edwin Morales.

15. That at all times Defendant STATE FARM INSURANCE COMPANY had been on notice of the charging lien for attorney fees, as provided for by section 475 of the Judiciary Law, in favor of the plaintiffs, THE LAW OFFICES OF WILLIAM PAGER, and WILLIAM PAGER.

16. That at all times the LAW OFFICE OF WILLIAM PAGER was a third party beneficiary entitled to payment of attorneys fee and disbursements which would be deducted from any payments by Defendant of No Fault and Uninsured/Underinsured (hereinafter UM/UIM) motorist benefits.

17. On May 16, 2023, an adjuster, agents, servant, employee of Defendant STATE FARM INSURANCE COMPANY notified Plaintiff the LAW OFFICE OF WILLIAM PAGER by telephone call that on May 8, 2023, Defendant received the filled out and completed No Fault application forms and police report from the LAW OFFICES OF WILLIAM PAGER.

18. However, despite being aware that the LAW OFFICE OF WILLIAM PAGER was/were the attorney(s) for Edwin Morales, an adjuster, agent, servant, employee of Defendant admitted that, without the knowledge or consent of the LAW OFFICE OF WILLIAM PAGER, Defendant, its adjusters, agents, servants, employees, mailed a check in the amount of twenty-five thousand dollars ($25,000.00), constituting full payment of UM/UIM benefits directly to our client, Edwin Morales and that Mr. Morales had already cashed the check.

19. Moreover, contrary to laws, rules, regulations custom and practice, Defendant, its adjusters, agents, servants, employees failed and/or refused to put the name of the LAW OFFICE OF WILLIAM PAGER on the check which when it issued the check and mailed the check to Mr. Morales.

4

20. Defendant, its adjuster(s), agents, servants, employees, failed and/or refused to place a "stop payment order" on the check although Defendant was aware the check was improperly, carelessly, recklessly, negligently issued directly by Defendant to Edwin Morales.

21. Defendant's conduct in issuing was contrary and in violation of laws, rules, regulation, procedures, customs and practices.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs '1" through "18", with the same force and effect as though fully set forth therein.

23. Plaintiffs complied with any and all of Defendant's requests, and performed all their obligations regarding the claim for Uninsured Motorist (UM) benefits for the client, Edwin Morales.

24. Defendant STATE FARM INSURANCE COMPANY acknowledged receipt of the completed UM forms from the LAW OFFICE OF WILLIAM PAGER and acknowledged THE LAW OFFICE OF WILLIAM PAGER as attorneys for Edwin Morales, representing Mr. Morales on his UM claim.

25. Plaintiff, the LAW OFFICE OF WILLIAM PAGER was entitled to payment of the attorneys fee, and to recover the costs and disbursements incurred in handling the UM claim.

26. Defendant was required to send the UM check to Plaintiff the LAW OFFICE OF WILLIAM PAGER first, allowing Plaintiff to deduct the attorneys fee, costs and disbursements.

27. Defendant had acted carelessly, negligently, recklessly, in issuing and mailing the check directly to Mr. Morales instead of Plaintiffs, thereby denying the LAW OFFICE OF WILLIAM PAGER its attorneys fees, costs and disbursements that Plaintiffs had earned and had incurred, (with the right to have them reimbursed) in representing Mr. Morales in his UM claim.

5

28. Plaintiff the LAW OFFICE OF WILLIAM PAGER has the right to seek recovery from Defendant STATE FARM INSURANCE COMPANY.

29. That costs of litigating this action, additional fees, costs, disbursements, interest shall accrue in favor of the LAW OFFICE OF WILLIAM PAGER against Defendant in a sum to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats, reiterate and re-allege each and every allegation contained in paragraphs '1" through "26", with the same force and effect as though fully set forth therein.

31. Defendant owed the LAW OFFICE OF WILLIAM PAGER a duty to send the check to Plaintiffs LAW OFFICES AND WILLIAM PAGER rather than Mr. Morales, and to inscribe THE LAW OFFICE OF WILLIAM PAGER on the check so as to protect Plaintiffs' right to recover their fees, costs and disbursements incurred in prosecuting Mr. Morales' UM claim.

32. Defendant breached that duty by leaving the name of THE LAW OFFICE OF WILLIAM PAGER off the check and then sending the check directly to Mr. Morales, who immediately cashed the check.

33. As a result, the LAW OFFICE OF WILLIAM PAGER was unable to recover its attorneys fee, costs and disbursements.

34. As a direct result of that breach, Plaintiff suffered monetary damage(s), the total amount of which will be determined at time of trial.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs '1" through "31", with the same force and effect as though fully set forth therein.

6

36. That Defendant acted willful, wanton, reckless evidencing a degree of moral culpability that requires the imposition of punitive damages to be determined at time of trial.

**WHEREFORE,** Plaintiff the LAW OFFICE OF WILLIAM PAGER demands judgment against the Defendant in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated:   Brooklyn, New York
         August 24, 2023

Yours, etc.

_____
Law Office of William Pager
Attorneys for Plaintiff
LAW OFFICE OF WILLIAM PAGER
203-205 Kings Highway
Brooklyn, New York 11223
(718) 998-1010

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

LAW OFFICE OF WILLIAM PAGER, WILLIAM PAGER

Plaintiff,

-against-

STATE FARM INSURANCE COMPANY,

Defendant.

---

SUMMONS AND COMPLAINT

---

Law Offices of William Pager
*Attorneys for Plaintiff(s)*
205 Kings Highway
Brooklyn, New York 11223
Phone: 718-998-1010
Fax: 718-998-8046

---

*PLEASE TAKE NOTICE*

That the within is a true copy of a _____ entered in the office of the clerk of the within named Court on

That a _____ of which the within is a true copy will be presented for settlement to the Hon. One of the Judges of the within named Court at _____ on at 9:30 a.m.

---

Due and timely service of the within _____ is hereby admitted

Dated:

X_____

Attorneys for